FIRST BANK OF MARIETTA, APPELLEE, *v.* CLINE, APPELLANT, ET AL.

[Cite as First Bank of Marietta *v.* Cline (1984), 12 Ohio St. 3d 317.]

(No. 83-689—Decided August 8, 1984.)

*Messrs. McCauley, Webster & Emrick* and *Mr. James H. McCauley,* for appellee.

*Murphey, Young & Smith Co., L.P.A.* and *Mr. Alan L. Briggs,* for appellant.

*Per Curiam.* There are two issues presented by this appeal. First, whether service of process by publication was proper, and, second, whether the defense of insufficiency of service, although properly raised by motion, is waived by failure to request a pretrial hearing on the motion.

Civ. R. 4.4(A), which sets forth the procedural requirements for service by publication, provides in part:

"(A) Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit

of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained."

In order to use service by publication, a plaintiff must first use reasonable diligence in his attempt to locate a defendant. *Brooks* v. *Rollins* (1984), 9 Ohio St. 3d 8; *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330. Appellee's counsel asked other parties to this action and one attorney about the whereabouts of appellant. The record discloses no other actions taken by appellee. This minimal effort cannot be said to be reasonable diligence, and therefore service by publication was not proper.

Next, appellee contends that service was authorized under Civ. R. 4.3, Ohio's "long arm" rule, dealing with out of state service. However, Civ. R. 4.3 only authorizes out of state service by two methods, certified mail and personal service, neither of which was perfected by appellee.

We conclude that appellee failed to serve appellant in a manner authorized by the Rules of Civil Procedure. The second question to be determined is whether appellant waived his right to object to such failure.

Appellant properly raised the issue of sufficiency of service as an affirmative defense in his first responsive pleading. Appellee maintains that this defense is waived, though, if a party proceeds to trial without requesting a pretrial hearing on the motion, pursuant to Civ. R. 12(D).

Civ. R. 12(D) provides:

"Preliminary hearings. The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule shall be heard and determined before trial on application of any party."

The rule does not require a party to request a preliminary hearing on the specified motions, nor does it mandate a waiver of such defenses for failure to do so. It merely allows either party to demand a pretrial determination of certain issues which could be dispositive of the cause. Accordingly, appellant did not waive the defense of insufficiency of service by choosing not to ask for a pretrial hearing.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. As I have oft stated in previous cases in which this court has addressed the issue of insufficiency of service,

the main objective of justice is " 'that cases should be decided on their merits,' rather than upon procedural niceties and technicalities * * *." See *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, concurring opinion at 4; *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257, at 260 [24 O.O.3d 344]; *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, at 351; *Baker* v. *McKnight* (1983), 4 Ohio St. 3d 125, at 129; *Hardesty* v. *Cabotage* (1982), 1 Ohio St. 3d 114, at 117; see, also, *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, at 175 [63 O.O.2d 262]. Because I firmly believe that Civ. R. 1(B) mandates that "[t]hese rules shall be construed and applied to effect just results by eliminating delay * * * and all other impediments to the expeditious administration of justice," I dissent. See, also, R.C. 1.11.

The decision reached by today's majority reverses a judgment entered by a court which had present before it all parties involved in the litigation. Service of process is merely a means to effect the exact situation which exists in the present case, the giving of notice to all parties to an action of its pendency. This notice allows them to present evidence and witnesses so that the trier of facts may decide the case on its merits. This is the ultimate goal of every form of litigation, the resolution of the case based upon its merits. Courts should not allow procedural niceties to get in the way of such resolution.

I am further of the opinion that the trial court was correct when it ruled that the defendant had waived his Civ. R. 12(B)(5) motion for dismissal by failure to request a pretrial hearing pursuant to the mandate contained in Civ. R. 12(D), which states in part:

"The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, * * * *shall be heard and determined before trial on application of any party*." (Emphasis added.)

The language of this rule is mandatory. A party who desires to avail himself of the affirmative defenses outlined in Civ. R. 12(B)(1) to (7) must comply with the mandate of Civ. R. 12(D). Failure to request a pretrial hearing on a Civ. R. 12(B)(5) motion and then proceeding to trial on the merits of a case act as a waiver of the motion.

For the above-stated reasons I would affirm the judgment of the court of appeals.