Plaintiff-appellant, Phyllis C. Coke, appeals the judgment of the Franklin County Common Pleas Court denying appellant's motion for relief from judgment, thereby maintaining its decision to strike her complaint for lack of service of process upon defendant-appellee, Julius W. Mayo, Jr.
Appellant originally filed this personal injury action against appellee on December 20, 1994. However, appellant voluntarily dismissed her complaint on March 29, 1995, and re-filed her complaint on March 8, 1996. Appellant, through her former counsel, attempted service of process on appellee upon filing the complaint. However, the attempt to complete service of process failed and the summons was returned to the clerk of courts on March 19, 1996, bearing the notation "no such street address." On July 19, 1996, appellee's insurance representative wrote a letter to appellant's former counsel advising him to complete service of process. On July 24, 1996, appellant's former counsel filed the first "instructions for service" requesting service upon appellee via certified mail. However, the attempt at service failed. On September 5, 1996, appellee filed a responsive pleading, which asserted the affirmative defense for failure of service of process.
Appellee filed a motion to strike plaintiffs' re-filed complaint for lack of service of process on April 28, 1997. Although the trial court granted appellant an extension of time to respond to the motion to strike, appellant did not file a response and the motion was unopposed. On July 7, 1997, the trial court filed a decision striking the re-filed complaint due to appellee's failure to complete service of process. The trial court journalized the judgment entry on July 22, 1997. On August 1, 1997, appellant filed various motions challenging the trial court's decision to strike her complaint, including a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied all of appellant's motions on April 16, 1998.
Appellant appeals, assigning the following assignments of error:
 "I. THE TRIAL COURT ERRED IN STRIKING APPELLANT'S COMPLAINT FOR LACK OF SERVICE BECAUSE APPELLEE MADE A VOLUNTARY APPEARANCE.
 "II. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60(B)(1)."
In her first assignment of error, appellant contends that the issue before this court is the adequacy of appellee's affirmative defense. According to appellant, appellee made a voluntary appearance by filing a responsive pleading and taking steps to actively participate in the action by filing motions, adding additional parties, serving subpoenas and taking a deposition. Appellant argues that appellee's proper affirmative defense was to challenge whether the trial court could properly obtain personal jurisdiction over him based on his voluntary appearance. Thus, appellant asserts that appellee raised the wrong affirmative defense by challenging only the failure and/or insufficiency of service of process. We disagree.
A court must obtain personal jurisdiction over a defendant to hear and determine a case. Marhew v. Yova (1984), 11 Ohio St.3d 154,156. A court obtains personal jurisdiction over the defendant by either: (1) the plaintiff completing service of process over the defendant; (2) the defendant voluntarily appearing and submitting to the court's jurisdiction; or (3) the defendant involuntarily submitting to the court's jurisdiction by way of waiving affirmative defenses. Id. at 156.
In order for a court to obtain personal jurisdiction through service of process, a plaintiff is required to complete adequate service of process upon a defendant within one year from the date the plaintiff files a complaint. Civ.R. 3(A). Insufficiency of service of process and failure of process are an affirmative defense. Civ.R. 12(B)(5). A defendant must raise the insufficiency or failure of service of process defense in a responsive pleading or a motion. Civ.R.12(B)(5).
In this case, appellant did not complete service of process upon appellee. Accordingly, appellee raised the affirmative defense in his responsive pleading. As such, we find that appellee was correct to assert the affirmative defense for insufficiency of service of process in his responsive pleading. Similarly, we conclude that appellee was not required to modify his defense and challenge whether the trial court obtained personal jurisdiction over him after he filed the responsive pleading.
Furthermore, contrary to appellant's assertions, appellee was not required to modify his affirmative defense and challenge whether the trial court obtained personal jurisdiction over him after he proceeded to actively participate in the case by filing motions, adding additional parties, serving subpoenas and taking a deposition.
A defendant who raises an affirmative defense for insufficiency of service of process before actively participating in the case continues to have an adequate defense relating to service of process. First Bank of Mariettav. Cline (1984), 12 Ohio St.3d 317, per curiam (noting that a defendant who asserted an affirmative defense for insufficient service of process continued to have an adequate defense relating to service of process even though the parties litigated the case to trial and obtained a jury verdict before the court addressed the affirmative defense); Bell v. MidwestemEducational Serv., Inc. (1993), 89 Ohio App.3d 193 (concluding that appellees' affirmative defense for insufficient service of process continues to be an adequate defense where they raised the defense in the responsive pleading before trying the case on its merits); see, also, Joseph v. Lastoria (Oct. 31, 1988), Clermont App. No. 88-05-040, unreported, per curiam (finding that the defendant could not adequately raise an affirmative defense for insufficiency of service of process where the defendant filed a request for production of documents one day prior to filing a responsive pleading that contained the affirmative defense for insufficiency of service of process).
In this case, appellee asserted the affirmative defense for failure of service of process in a responsive pleading before taking any other action relating to the case. Moreover, appellee raised the defense again in his subsequent motion for adoption of amended case schedule; yet, appellant never completed service of process upon appellee. Therefore, appellee's affirmative defense for failure of service of process continued to be the proper defense throughout the case.
As noted in Maryhew and the rationale described above, whether the trial court obtained personal jurisdiction through appellee's appearance constitutes a different and separate issue that we need not reach. Thus, based on the reasons noted above, we hold that the trial court did not err in striking appellant's complaint for failure of service of process and overrule appellant's first assignment of error.
In her second assignment of error, appellant asserts that her former counsel's actions in failing to complete service of process upon appellee constituted excusable neglect. Therefore, according to appellant, the trial court erred in failing to grant her motion for relief from judgment pursuant to Civ.R. 60(B)(1). We disagree.
An appellate court will not reverse a trial court's ruling on a motion for relief from judgment under Civ.R. 60(B) absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77. An abuse of discretion exists where the trial court's decision represents an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
A party is entitled to relief from judgment if his or her actions, which gave rise to the adverse decision, constitute excusable neglect. Civ.R. 60(B)(1). Inexcusable neglect exists when a party's action exemplifies a complete disregard for the judicial system. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, 153. Similarly, inexcusable neglect exists when a party's conduct falls substantially below what is reasonable under the circumstances. Id. at 152. Moreover, a court will impute upon a party his or her attorney's negligence. Id. at 153.
Clearly, under the circumstances, appellant's former counsel had ample notice, opportunity and time to complete service of process. Appellee's responsive pleading contained the defense of failure of service of process and, thus, notified appellant's former counsel of the need to complete service. Similarly, on January 19, 1997, appellee's insurance representative wrote appellant's former counsel a letter stressing the need to complete service of process. However, appellant's former counsel made only one attempt to serve appellee via certified mail over the course of one year. This attempt subsequently failed. Moreover, appellant's former counsel failed to attempt ordinary mail service or service by publication. Additionally, appellant's former counsel did not opt to personally serve appellee while taking his deposition.
Thus, we find that the conduct by appellant's former counsel constituted a complete disregard for the judicial system and fell substantially below what was reasonable under the circumstances. As such, the conduct by appellant's former counsel did not give rise to excusable neglect. Therefore, for the reasons noted above, we conclude that the trial court did not abuse its discretion in failing to grant appellant's Civ.R. 60(B)(1) motion for relief from judgment and overrule her second assignment of error.
For the foregoing reasons, appellant's assignments of error are overruled, and we affirm the Franklin County Court of Common Pleas' order striking appellant's complaint due to lack of service of process.
Judgment affirmed.
TYACK and PETREE, JJ., concur.