OPINION
On March 19, 1998, appellee, Donald Paul Burger, filed petitions to adopt minor children, Charles James Upton and Sara Elizabeth Upton, in the Portage County Court of Common Pleas, Probate Division. The natural parents of the children are appellant, Charles Lee Upton, Jr., and Cynthia Dawn Burger, appellee's wife and appellant's ex-wife. Mrs. Burger and appellant were divorced on March 20, 1996. She married appellee on August 16, 1997.
At the time the petitions were filed, appellant's attorney, James E. Hoagle, filed an affidavit for service by publication, in which he attested to the following:
 "James E. Hoagle, being first duly sworn says that he is the attorney for Donald Paul Burger, in the above titled action for adoption. Service of summons cannot be made on the Charles Lee Upton, Jr. because the residence of Charles Lee Upton, Jr. and all other addresses of Charles Lee Upton are unknown and cannot with reasonable diligence be ascertained. Affiant has no knowledge of the Defendants whereabouts except that he is somewhere in Oklahoma.
 "This action is one where publication is authorized by law pursuant to Civil Rule 4.4."
On May 5, 1998, appellee filed a document showing that he had completed service by publication by running a notice in the Portage County Legal News for three consecutive weeks. On June 4, 1998, appellee filed instructions with the court to attempt to serve appellant by certified mail with his employer in Arizona. On July 9, 1998, the certified mail was returned "unclaimed."
The trial court held a hearing to determine the petition on September 21, 1998. At the hearing, Ms. Lordean Robinson, from the Portage County Child Support Enforcement Agency ("CSEA"), testified that appellant had paid only $10.69 in child support during the year prior to the adoption petition being filed. Mrs. Burger testified that appellant had made one phone call during that time.
On September 21, 1998, the trial court entered judgment declaring that appellant's consent for adoption was not required because he had "failed without justifiable cause to provide for the maintenance and support of the minor [children] as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition * * *." It also granted a final decree of adoption to appellee. The trial court did not send the final decree of adoption to appellant at that time because, according to the trial court, it had no knowledge of his address or location.
On October 1, 1998, appellant filed a motion for relief from judgment, in which he asserted that he had not been properly served with the petition. He claimed that he was living in Metter, Georgia, near his parents, and that Mrs. Burger and appellee knew that he was living there when they filed the petition. He submitted a computer printout from CSEA that showed that his address as of September 21, 1998 was in Metter, Georgia.
On November 4, 1998, forty-two days after the issuance of the final decree of adoption, appellant appealed the decision to this court. At the time appellant filed his notice of appeal, the trial court had not served him with a copy of the final order. As of September 21, 1998, CSEA's computer printouts containing appellant's Metter, Georgia address were in the trial court's record, but it did not attempt to send a copy of the order to that address. Appellant was not properly served with a copy of the final order until May 11, 1999, on remand from this court. Thus, we will address this appeal as being filed prematurely.
Appellant raises the following assignment of error:
 "The trial court abused its discretion, erred as a matter of law, and violated appellant's constitutional and statutory rights when it approved the adoptions of his children without obtaining valid service of process on appellant."
Appellant asserts that the proper procedure to perfect service by publication was not followed. In response, appellee asserts that the appeal should be dismissed because it was untimely and that appellant had actual knowledge of the adoption proceedings because he contacted his wife on the day of the hearing. Though appellant may have been aware of the adoption action, appellant's knowledge did not dispense with the necessity of service. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157,464 N.E.2d 538.
"In order to use service by publication, a plaintiff must first use reasonable diligence in his attempt to locate a defendant."First Bank of Marietta v. Cline (1984), 12 Ohio St.3d 317, 318,466 N.E.2d 567. Civ.R. 4.4(A)(1) sets forth that a request for service by publication must be accompanied by an affidavit that "shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."
In his affidavit for service by publication, appellee merely asserted that appellant's address could not be ascertained through reasonable diligence and did not specify the efforts made to locate appellant, as required by Civ.R. 4.4. See Pridemore v.Dula (Apr. 10, 1995), Butler App. Nos. CA94-02-043 and CA94-06-139, unreported, fn. 1. Appellee claims, in his brief, that he attempted to locate appellant by subpoenaing CSEA's records. However, the only records from CSEA in the trial court record are from September 21, 1998 and show appellant's address in Metter, Georgia. Nothing exists in the record to indicate appellant's address before that date. While appellee may have made efforts to locate appellant, no evidence in the record supports that he made such efforts. Because appellee failed to provide an affidavit specifying the efforts made to locate appellant, service by publication was defective.
Because service was not made upon appellant, the within adoption proceedings were never properly commenced. Thus, this action is a nullity. The judgment is reversed and this case is remanded to the trial court for dismissal and voidance of its order of adoption.
 _____________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.