JOURNAL ENTRY AND OPINION.
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial records and briefs of counsel.
 {¶ 2} Plaintiff-appellant Marilyn Holloway ("Holloway") was injured in a motor vehicle accident involving a truck owned by defendant General Hydraulic and Machine, Inc. ("General Hydraulic") and driven by defendant Jose Carrero ("Carrero") on August 16, 1999. She filed a personal injury suit against General Hydraulic and Carrero on August 8, 2001. Although she obtained service on General Hydraulic, she never perfected service on Carrero. One attempt at certified mail service was returned undelivered; Holloway made no further attempts at service.
 {¶ 3} In their joint answer, counsel for General Hydraulic and Carrero asserted as a defense, "insufficiency of process and insufficiency of service of process." Counsel then proceeded to engage in discovery, including depositions, in the names of both defendants. When Holloway's counsel sought to depose Carrero, his counsel informed hers that no one had been able to locate him.
 {¶ 4} On August 30, 2002, counsel for defendants filed a motion to dismiss Carrero for failure to perfect service. The trial court granted this motion and included the language "no just reason for delay," which language applied to the dismissal of Carrero only. Holloway appealed this dismissal.[1] Because Holloway's remaining assignments of error address the same legal issue, we will address them together.
 {¶ 5} II. The trial court erred when it granted defendant-appellees' motion to dismiss due to failure of service because the objection of lack of personal jurisdiction of the trial court was waived.
 {¶ 6} III. The trial court erred when it granted defendant-appellees' motion to dismiss due to failure of service because, by engaging in litigation for more than one year while attempting to maintain a defense of failure of service of process, defendant Jose Carrero violated the spirit of the Ohio Rules of Civil Procedure.
 {¶ 7} The only issue for review is, whether a defendant can preserve his defense of lack of service of process, a defense asserted in his answer, if he proceeds to participate in the case. No one disputes that Carrero was not served and that Holloway made no attempt following the first. Holloway argues that by participating in the litigation, Carrero waived his affirmative defense of lack of service of process. We disagree.
 {¶ 8} Although Holloway correctly cites several cases in which defendants have waived the defense of lack of other types of personal jurisdiction by participating in litigation, these cases are distinguishable on their facts from the case at bar because they address not failure of service, but rather other forms of lack of in personam jurisdiction.
 {¶ 9} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Civ.R. 3(A). The methods of service are governed by Civ.R. 4.1, which provides for service by certified mail, personal service, or residence service. Although the clerk of courts initiates the certified mail service, "the duty to perfect service of process is upon the plaintiffs under the Civil Rules * * *." Maryhew v. Yova (1984),11 Ohio St.3d 154, 159. Further, "an action is only `commenced' by obtaining service within one year of the filing of the complaint." Blountv. Schindler, Franklin App. No. 02AP-688, 2003-Ohio-2054, _ 27.
 {¶ 10} For a court to obtain jurisdiction over a defendant who has not been properly served, that defendant must receive service of process either by "the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses * * *." Maryhew at 156. TheMaryhew Court held that simply filing for leave to plead prior to asserting the affirmative defense of failure of service of process in the answer did not waive the defense. The Court further distinguished that circumstance from one in which a defendant had engaged in discoveryprior to filing the answer with the affirmative defense. Participating in the litigation prior to asserting the affirmative defense does constitute a waiver of the defense.
 {¶ 11} In the case at bar, however, although Carrero's counsel filed a stipulated leave to plead before he filed the answer with an affirmative defense, counsel did not file any other motions or pleadings before filing the answer with the affirmative defense. Counsel then proceeded to represent both defendants jointly. In a similar case, the Ohio Supreme Court ruled that a defendant who had asserted the defense of failure of service of process in his answer had not waived it even though he actually proceeded so far as to wait until the day of trial before moving for dismissal for failure of service of process. First Bank ofMarietta v. Cline (1984), 12 Ohio St.3d 317. In Cline, the plaintiff did not exercise good faith diligence in the attempt to serve the defendant because plaintiff made only verbal inquiries as to defendant's whereabouts after two attempts at service failed. Plaintiff then served defendant by publication. Defendant answered, asserting the defense of failure of service of process. The Court held that plaintiff failed to serve defendant properly. The Court further held that even defendant's failure to make a pretrial motion to dismiss did not waive the defense of insufficiency of service. Id. at 318. Because he had raised this defense in his answer, moreover, the defendant's participation up to actual trial did not waive that defense.[2] "`A defendant who raises an affirmative defense for insufficiency of service of process before actively participating in the case continues to have an adequate defense relating to service of process.' Coke v. Mayo (Feb. 4, 1999), Franklin App. No. 98AP-550, 1999 Ohio App. LEXIS 346. (Emphasis sic.)" Blount at 27.
 {¶ 12} As Professor J. Patrick Browne noted, "all the clever defense attorney has to do is properly assert the jurisdictional defenses in the answer. Thereafter, she can fully participate in the preparation of the case for trial without waiving those defenses, and after both the statute of limitations and the Rule 3(A) year for obtaining service have run, she can spring the failure of commencement trap by moving to strike the complaint from the files for failure of commencement." Ohio Civil Practice Journal, January/February 1992, Vol. 3, Issue 1, at 4.
 {¶ 13} This was precisely the tactic Carrero's counsel used in the case at bar. Carrero properly asserted his defense of failure of service of process and never waived it. Because he was never properly served, no action was ever commenced against him. Simply stated, the lawsuit against Carrero was a nonentity because it never existed without service on him.
 {¶ 14} The ruling of the trial court is affirmed.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] Holloway's first assignment of error states: "The trial court erred when it denied Appellant's Motion for Summary Judgment because the Motion had evidentiary support and was unopposed by Appellees." This court struck this assignment because an order denying summary judgment is not a final appealable order.
[2] Defendant presented a motion to dismiss for failure of service of process at the beginning of trial, which motion the court denied. Defendant then participated in the trial.