GLIOZZO, APPELLEE, *v.* UNIVERSITY UROLOGISTS
OF CLEVELAND, INC. ET AL., APPELLANTS.

[Cite as *Gliozzo v. Univ. Urologists of Cleveland,
Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762.]

142

(No. 2006–1166—Submitted May 24, 2007—Decided August 8, 2007.)

**Lanzinger, J.**

{¶ 1} On November 14, 2003, appellee, Frank Gliozzo, filed a medical-malpractice action against appellants, University Urologists of Cleveland, Inc. and Martin Resnick, M.D., alleging negligence in their performance of a surgical procedure on him in June 2002. Before filing his complaint, Gliozzo had hand-delivered a 180–day letter to appellants, which extended the statute of limitations for his claim. See R.C. 2305.113(B)(1).

{¶ 2} Gliozzo's deadline was November 14, 2004, one year from the date that he filed his complaint, to perfect service. Civ.R. 3(A). Service was attempted by certified mail, but failed. No further attempt was ever made to serve appellants.

{¶ 3} On February 10, 2004, appellants and appellees filed a stipulated motion allowing appellants until March 9 to answer Gliozzo's complaint. Two days later, appellants filed an answer denying the allegations and raising several affirmative defenses, including the insufficiency of service of process and the statute of limitations. Trial was scheduled for April 13, 2005, and a dispositive-motion deadline of January 28, 2005, was set.

{¶ 4} On April 4, 2005, appellants filed a motion to dismiss because service of process was never perfected. Although the trial court recognized that the motion to dismiss might have merit, the court denied the motion as untimely because the dispositive-motion deadline had passed. On April 14, the day of trial, appellants orally moved for leave to renew their motion to dismiss. After hearing argument, the trial court granted the motion to dismiss, finding that "the case was never properly commenced as defendants were not served with the complaint and did not waive the affirmative defenses of statute of limitations and insufficient service of process."

{¶ 5} Gliozzo appealed, contending that because appellants had actively participated in the case, they had submitted to the court's jurisdiction and had therefore

waived the defense of insufficient service of process. The Eighth District Court of Appeals agreed and, in a two-to-one decision, reversed the judgment of the trial court and remanded the case for further proceedings. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, Cuyahoga App. No. 86371, 2006-Ohio-1726, 2006 WL 871721.

{¶ 6} We accepted jurisdiction over this discretionary appeal and now hold that parties who assert an affirmative defense of insufficiency of process in their first responsive pleading do not waive that defense by actively participating in litigation of the case.

## Analysis

{¶ 7} The Ohio Rules of Civil Procedure address how and when defenses and objections must be raised. Civ.R. 12(B) states, "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, *(5) insufficiency of service of process,* (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief." (Emphasis added.) If any of the Civ.R. 12(B) defenses are raised, whether by motion or pleading, then Civ.R. 12(D) provides that they "shall be heard and determined before trial on application of any party."

{¶ 8} In addition to determining how and when defenses must be raised, Civ.R. 12 explains how defenses may be waived. Specifically, Civ.R. 12(H)(1) provides: "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (G), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."

{¶ 9} Thus, the defense of insufficiency of service of process is waived if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion or, if there is no such motion, if it is not raised by separate motion or included in the responsive pleading.

{¶ 10} This court has previously considered the issue of when a party waives a properly asserted defense of insufficiency of service of process. *First Bank of Marietta v. Cline* (1984), 12 Ohio St.3d 317, 12 OBR 388, 466 N.E.2d 567. In *Cline,* the defense was properly raised in the first responsive pleading, but the case proceeded to trial. Only after all evidence had been presented was a motion made to dismiss for insufficiency of service of process. We held that failure to request a pretrial hearing on the issue did not constitute a waiver of the defense. Id. at 318, 12 OBR 388, 466 N.E.2d 567.

{¶ 11} Both Civ.R. 12 and our decision in *Cline* support the conclusion that when the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in litigation of a case does not constitute waiver of that defense. Civ.R. 12(H)(1) does not include a party's participation in the case as a method of waiver. In our interpretation of the rule in *Cline,* we determined that a properly asserted and preserved defense may be raised even after trial has begun. Nothing in the facts here causes us to reconsider that conclusion.

{¶ 12} Appellants did not file a pre-answer motion, but instead properly raised the affirmative defense of insufficiency of service of process by including it in their answer, as Civ.R. 12 requires. Appellants were then free to seek dismissal of the case for insufficiency of service, even though they had also mounted a vigorous defense upon the merits. Though the dispositive-motion deadline had passed by the time appellants had filed their motion to dismiss, decisions to grant such motions past deadline are left to the discretion of the trial court. See *Brinkman v. Toledo* (1992), 81 Ohio App.3d 429, 432, 611 N.E.2d 380. Although Gliozzo suggests that the trial court abused its discretion in granting the motion, his argument is conclusory and fails to demonstrate how the specific facts of this case support that position.

{¶ 13} In some instances, a party who voluntarily submits to the court's jurisdiction may waive available defenses, such as insufficiency of service of process or lack of personal jurisdiction. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156–157, 11 OBR 471, 464 N.E.2d 538. The only way in which a party can voluntarily submit to a court's jurisdiction, however, is by failing to raise the defense of insufficiency of service of process in a responsive pleading or by filing certain motions before any pleading. Id. at 157–158, 11 OBR 471, 464 N.E.2d 538. Only when a party submits to jurisdiction in one of these manners will the submission constitute a waiver of the defense.

{¶ 14} Gliozzo cites decisions from other states, which, while informative, are not controlling. Gliozzo also relies heavily on Justice Brown's dissenting opinion in *Maryhew* to argue that *Cline* was wrongly decided, but because he has not shown how *Cline* meets the standards for reversal in *Westfield Ins. Co. v.*

*Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus, we will not revisit *Cline's* conclusion.

{¶ 15} Gliozzo also argues that allowing a party to file a motion to dismiss based on insufficient service after that party has defended on the merits simply encourages legal gamesmanship and prevents the efficient administration of justice. Gliozzo points out that although appellants were aware of the deficient service, they did not move to dismiss the case on that basis until after the time to perfect service had expired, denying him an opportunity to remedy the error. He also contends that because the primary objective of the rules relating to service of process is to provide notice, a strict application of the rules in this case simply elevates form over function.

{¶ 16} Regardless of how appellants' behavior is characterized, the Ohio Rules of Civil Procedure govern the conduct of all parties equally, and "we cannot disregard [the] rules to assist a party who has failed to abide by them." *Bell v. Midwestern Educational Servs., Inc.* (1993), 89 Ohio App.3d 193, 204, 624 N.E.2d 196. The rules clearly declare that an action is commenced when service is perfected. Civ.R. 3(A). Furthermore, we have held, "Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." *Maryhew*, 11 Ohio St.3d at 157, 11 OBR 471, 464 N.E.2d 538. The obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation. Id. at 159, 11 OBR 471, 464 N.E.2d 538.

{¶ 17} Whether appellants' conduct constituted gamesmanship or good litigation strategy, they followed the rules. If such behavior should not be permitted in the future, the proper avenue for redress would be to seek to change those rules.

## Conclusion

{¶ 18} When the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense. In this case, appellants raised the defense appropriately within their answer. Since this defense was properly preserved, the trial court did not err when it later granted appellants' motion to dismiss for lack of sufficient service. We therefore reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and CUPP, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting.

{¶ 19} Civ.R. 1(B) states that the Rules of Civil Procedure "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." We have stated that this rule suggests that "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113. In *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644, this court stated that "it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. * * * Judicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." In upholding the trial court's dismissal of a case—which was vigorously defended—for lack of sufficient service, this court is ignoring, even reversing, the implicit holding of *DeHart*. And it is doing so despite its failure to apply its own talismanic and legalistic straitjacket, the *Galatis* test. See *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus.

{¶ 20} The whole point of service of process is to put the other party on notice that a lawsuit has been filed. Service of process serves no other purpose. Appellants University Urologists of Cleveland, Inc. and Dr. Resnick obviously had notice of the suit. Otherwise, they would not—could not—have defended themselves. Perfected service of process would not have provided appellants anything that they did not already have. And when appellants defended themselves, they effectively told Gliozzo that they had notice, that they were defending themselves, and that the purposes of service of process had been effectuated. The result in this case is exactly what the Civil Rules, *Peterson*, and *DeHart* discredited. In allowing the dismissal of this case, the majority is not cautiously exercising judicial discretion, it is elevating legalistic rules over substance and subverting justice. Sadly, we are returning to the days of yore, when the pleadings ruled, and notice was just a salutary goal. Before you know it, demurrer will be back. I dissent.

---

Carlin & Carlin, William A. Carlin, and Nicholas A. Papa, for appellee.

Reminger & Reminger Co., L.P.A., William A. Meadows, and Martin T. Galvin, for appellants.