[Cite as *Stewart v. Forum Health*, 190 Ohio App.3d 484, 2010-Ohio-4855.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STEWART ET AL.,                              )
                                             )
     APPELLANTS,                        )
                                             )
VS.                                          )        CASE NO. 09-MA-129
                                             )
FORUM HEALTH ET AL.; FOUGHT,                 )        OPINION
                                             )
     APPELLEE.                          )


CHARACTER OF PROCEEDINGS:        Civil Appeal from Court of Common Pleas
        of Mahoning County, Ohio
        Case No. 05CV4667

JUDGMENT:        Reversed and Remanded

APPEARANCES:

     Gregg A. Rossi and Thomas R. Wright, for appellants.

     Stephen A. Skiver & Associates, L.L.C., and Kristen A. Connelly, for appellee.


JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated: September 28, 2010

DONOFRIO, Judge.

**{¶ 1}** Plaintiffs-appellants, Carl Stewart and Janet Stewart, appeal the Mahoning County Common Pleas Court decision dismissing their claims for medical malpractice and loss of consortium against defendant-appellee, Dr. Daniel Fought. Appellants claim that the trial court erred by dismissing their claims for failure of service of process and expiration of the statute of limitations.

**{¶ 2}** The only available underlying facts are those alleged in appellants' complaint. On August 14, 2002, plaintiff-appellant Carl E. Stewart injured his hand and the next day went to seek care from Beeghly Medical Park, which employs or contracts with Emergency Professional Services, Inc. Carl complained of severe pain and swelling in his right hand. He was x-rayed and diagnosed with a contusion to his right hand. He was fitted with a splint, given medication to control his pain, and discharged.

**{¶ 3}** On August 16, 2002, Carl continued to experience pain and swelling in his hand, so he sought additional emergency medical treatment from St. Charles Mercy Hospital. A physician there examined and x-rayed Carl and fitted him with another splint.

**{¶ 4}** According to the complaint, Carl never underwent blood tests and did not receive any antibiotics after his injury occurred. He alleges that his condition worsened over the next few days, so he went to his family physician, Michael Devine, M.D., who referred him to the hospital for admission on August 20, 2002. At the hospital, Carl was given antibiotics and underwent surgery.

{¶ 5} In August 2003, appellants filed a medical-malpractice claim against Forum Health, d.b.a. Beeghly Medical Park, St. Charles Mercy Hospital, and Emergency Professional Services, Inc., including defendant-appellee, Dr. Daniel Fought. Carl alleged permanent injury as a direct and proximate result of the compartment syndrome to his right hand. Carl alleged that every appellee was negligent in the care they provided to him and failed to properly diagnose and treat his condition. The complaint included a claim for loss of consortium on behalf of Carl's wife, plaintiff-appellant Janet Stewart. That complaint was later voluntarily dismissed pursuant to Civ.R. 41(A).

{¶ 6} Appellants refiled their complaint on December 22, 2005. Successful service was obtained on Forum Health and Emergency Professional Services. The summons and complaint were sent to the same address where St. Charles Hospital and Dr. Fought had been successfully served in the first case. Dr. Fought subsequently filed an answer and amended answer, each asserting the affirmative defenses of insufficiency of service of process and statute of limitations.

{¶ 7} The refiled complaint lacked an affidavit of merit as required by Civ.R. 10(D)(2)(a). However, contemporaneous with the filing of their complaint, appellants filed a motion pursuant to Civ.R. 10(D)(2)(b) to extend the period of time within which to file the affidavit of merit. Since the time for refiling was rapidly approaching, appellants asked for a reasonable amount of time to file an amended complaint and/or the affidavit of merit.

{¶ 8} On March 22, 2006, Forum Health filed a notice of discovery indicating that a set of interrogatories and a request for production of documents had been sent to counsel for appellants. After receiving no response, Forum Health filed a motion to compel on May 19, 2006.

{¶ 9} In separate motions, St. Charles Mercy Hospital, Forum Health, and Dr. Fought filed motions to dismiss on June 2, June 6, and June 15, 2006, respectively. The motions were premised on the assertion that appellants' complaint failed to comply with Civ.R. 10(D)(2) (affidavit-of-merit requirement).

{¶ 10} The trial court granted Forum Health's motion to compel and ordered appellants to comply with discovery requests.

{¶ 11} On June 30, 2006, appellants filed a brief in opposition to the motions to dismiss. Appellants highlighted the fact that the trial court had never ruled on their motion for an extension of time within which to file the affidavit of merit. They indicated that they had contacted their expert and were awaiting the medical report. They believed it would be available within 60 days and asked for that much time within which to file it.

{¶ 12} On July 12, 2006, the trial court granted the motions to dismiss. The trial court acknowledged that appellants had moved for an extension of time within which to file the affidavit of merit. However, the court noted that no affidavit had yet been filed and that a reasonable time for an extension had passed as contemplated by Civ.R. 10(D). Appellants appealed the dismissal to this court.[1] *Stewart v. Forum Health*, 7th

---

1. Emergency Professional Services, Inc. filed a motion to dismiss in the trial court arguing that

Dist. No. 06-MA-120, 2007-Ohio-6922. This court held that the proper remedy for failure to attach the required affidavits under Civ.R. 10(D)(2) was not dismissing the case for failure to state a claim, but for the defendant to request a more definite statement. That, combined with the trial court's failure to rule on appellants' Civ.R. 10(D)(2)(b) motion to extend the period of time to file the affidavit, prompted this court to reverse the trial court's judgment dismissing the case and remand the matter to the trial court for further proceedings.

{¶ 13} On remand, Dr. Fought filed a motion pursuant to Civ.R. 12(B), claiming improper venue, and the trial court overruled the motion. Meanwhile, appellants filed notices of voluntary dismissal regarding Forum Health, d.b.a. Beeghly Medical Park, and St. Charles Mercy Hospital, leaving Dr. Fought as the sole remaining defendant.

{¶ 14} On April 9, 2009, Dr. Fought filed a motion for summary judgment, arguing insufficiency of process and that appellants' claims were barred by the statute of limitations. Dr. Fought argued that the statute of limitations had run because appellants had not timely served him with the complaint as required by Civ.R. 3 and R.C. 2305.17.

{¶ 15} On July 8, 2009, the trial court sustained Dr. Fought's summary-judgment motion, stating:

{¶ 16} "Defendant Daniel Fought, D.O. was never served with the Complaint, and, as such this action was never commenced pursuant to Civ.R. 3(A). Defendant did

appellants had failed to identify in their complaint any agent of Emergency Professional Services, Inc. and, therefore, secondary liability could not accrue to it. The trial court determined that appellants' complaint did not contain "any legal claim" against Emergency Professional Services, Inc. and sustained its motion to dismiss accordingly. Although appellants appealed the dismissal, appellants did assign error to that portion of the trial court's decision dismissing the case against Emergency Professional Services, Inc. At oral argument, appellants' counsel conceded that they were not raising any issue on appeal as to Emergency Professional Services, Inc. and that it remained dismissed from this matter.

not waive his defenses and Plaintiffs' claims are now barred by the applicable statute of limitations."

{¶ 17} This appeal followed.  Appellants' sole assignment of error states:

{¶ 18} "The trial court erred in concluding that appellants' action was not commenced and that appellee did not waive his defenses of insufficiency of process and statute of limitations."

{¶ 19} The statute of limitations for medical claims is one year. R.C. 2305.113(A). A plaintiff is permitted to dismiss the claims once pursuant to Civ.R. 41(A) (voluntary dismissal) and, under the saving statute, is permitted to refile them within one year of the dismissal or the expiration of the statute of limitations, whichever is later. R.C. 2305.19(A).

{¶ 20} Appellants sustained their injuries on August 14, 2002.  They filed their first complaint on August 11, 2003.  They dismissed their claims on December 22, 2004, pursuant to Civ.R. 41(A).  Appellants refiled their complaint on December 22, 2005. Therefore, appellants had to serve Dr. Fought with their refiled complaint by December 22, 2006.

{¶ 21} Appellants readily concede that Dr. Fought was not served with a copy of the complaint.  Instead, they argue that Dr. Fought waived those defenses.  In response, Dr. Fought contends that he properly preserved those defenses by including them in his answer and amended answer.

{¶ 22} R.C. 2305.17 and Civ.R. 3(A) govern the commencement of a civil action. R.C. 2305.17 states:

{¶ 23} "An action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year."

{¶ 24} Civ.R. 3(A) states:

{¶ 25} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."

{¶ 26} As already indicated, appellants concede that Dr. Fought was not served with a copy of the complaint. Therefore, the only way the action could have commenced was if Dr. Fought waived service of process. In other words, the central question of this case is whether Dr. Fought waived the defense of insufficiency of process.

{¶ 27} Civ.R. 12 governs defenses and when and how they must be presented, either by pleading or motion. Civ.R. 12(B) addresses how defenses are to be presented:

{¶ 28} "Every defense * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense

or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

{¶ 29} Dr. Fought did not file a preanswer motion and instead chose to preserve the defense of insufficiency of service of process by including it in his answer, along with the statute-of-limitations defense (which is not subject to the waiver provisions of Civ.R. 12). Subsequently, he filed a motion to dismiss for appellants' failure to attach an affidavit of merit and then a motion to transfer venue. Appellants argue that by filing those motions, Dr. Fought waived the defenses he asserted in his answer. Dr. Fought maintains that the filing of those motions does not result in waiver of his asserted defenses. Dr. Fought contends that as long as a defendant includes the defenses in an answer, those defenses are preserved and not waived by the filing of subsequent motions.

{¶ 30} Indeed, the Ohio Supreme Court has held that when the affirmative defense of insufficiency of service of process is properly raised and preserved, a party's active participation in the litigation does not constitute a waiver of that defense. *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, syllabus. The court has even gone so far as to hold that the defense is still preserved even after trial has begun and all the evidence has been presented and the defendant then files a motion to dismiss for insufficiency of service of process. *First Bank of Marietta v. Cline* (1984), 12 Ohio St.3d 317, 12 OBR 388, 466 N.E.2d 567.

{¶ 31} Nonetheless, there are specific circumstances in which a defendant can waive the defense of insufficiency of service of process. None of those circumstances

were present in *Gliozzo* or *Cline*.  In addition to determining how and when defenses must be raised, two subdivisions of Civ.R. 12 specifically address how they may be waived:

{¶ 32} "(G) Consolidation of defenses and objections

{¶ 33} "A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him.  If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.

{¶ 34} "(H) Waiver of defenses and objections

{¶ 35} "(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."

{¶ 36} Thus, the defense of insufficiency of service of process can be waived in one of two ways: (1) if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion and (2) if there is no such motion, if it is not raised by separate motion or included in the responsive pleading. *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶9.

{¶ 37} Clearly, in this case, Dr. Fought waived the defense of insufficiency of service of process in the first way – he filed a motion raising another Civ.R. 12(B) defense (improper venue) and did not include the defense of insufficiency of service of process in that motion.

{¶ 38} Dr. Fought implies that Civ.R. 12's waiver provisions are implicated only if a defendant files a preanswer motion to dismiss and fails to preserve the defenses in their answer, citing this court's decision in *Franklin v. Franklin* (1981), 5 Ohio App.3d 74, 5 OBR 186, 449 N.E.2d 457. In *Franklin*, the defendant attempted to raise the defense of lack of personal jurisdiction despite not raising the defense in a preanswer motion or in their answer. Consequently, this court held that the defendant waived the defense. *Franklin* does not support Dr. Fought's contention that provided a defendant preserves a Civ.R. 12(B) defense in his answer, he can later file separate Civ.R. 12(B) motions.

{¶ 39} In sum, the plain language of Civ.R. 12 provides that the filing of a Civ.R. 12(B) motion asserting defenses such as improper venue and insufficiency of service of process must be consolidated or they are waived, regardless of whether the defendant asserted those defenses in their answer. Preserving those defenses in the answer simply allows the defendant to assert those defenses at some later time. But when and if they do, they must consolidate all such defenses in the Civ.R. 12(B) motion. By filing his motion for Civ.R. 12(B) for improper venue and not including with it a motion advancing insufficiency of service of process, he waived that defense. Since his statute-of-limitations defense was inextricably linked to his defense of insufficiency of service of process, the statute-of-limitations defense simply became inapplicable.

{¶ 40} Accordingly, appellants' sole assignment of error has merit.

{¶ 41} The judgment of the trial court is hereby reversed, and the cause is remanded for further proceedings according to law and consistent with this court's opinion.

Judgment reversed

and cause remanded.

WAITE, J., concurs.

DEGENARO, J., dissents.

_____

DEGENARO, JUDGE, dissenting.

{¶42} Because I interpret *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, and Civ.R. 12 differently from my colleagues, I would affirm the decision of the trial court. Reading them together, I believe that the defense consolidation requirement of Civ.R. 12(G) contemplates preanswer motions only, which is reinforced by the language from Civ.R.12(H) and the holding in *Gliozzo.*

{¶43} It is within the realm of trial strategy for a defendant to determine whether to assert his Civ.R. 12 defenses in either his answer or a preanswer motion. If raised in the answer, the defendant has preserved the defense, in this case insufficiency of service of process, and has not waived it by active participation in the case. *Gliozzo* at ¶ 6 and 12. In this procedural posture, interpretation of Civ.R. 12 is straightforward. The

plain language of the rule dictates that when these defenses are raised in an answer, they can be more fully litigated by a postanswer motion to dismiss as contemplated by Civ.R. 12(H)(1)(b) or by a motion for summary judgment pursuant to Civ.R. 56.

{¶44} Closer rule analysis is required when the defendant chooses to raise these defenses in a preanswer Civ.R. 12(B) motion to dismiss. In this procedural posture, I agree with my colleagues. Civ.R. 12(G) and (H)(1)(a) require a defendant to raise the defenses of improper venue and insufficiency of service of process in the same motion; otherwise, the omitted defense is waived if raised at a later date. *Gliozzo* at ¶9. And the plain reading of the rule leads to the conclusion that this applies only when the defenses are raised in a preanswer motion.

{¶45} The pertinent sections of Civ.R. 12 state: "(G)  A party who makes a *motion under this rule* must join with it the other motions herein provided for and then available to him," and "(H)(1)  A defense of * * * improper venue * * * or insufficiency of service of process is waived (a) if omitted from *a motion in the circumstances described in subdivision (G)*." (Emphasis added.) Id. I read the phrase "motion under this rule" to mean a preanswer Civ.R. 12(B)(6) motion to dismiss. Otherwise, the phrase in Civ.R. 12(H)(1)(b) "nor included in a responsive pleading" would have no meaning. Moreover, it would, in effect, eliminate the option of asserting these defenses in a responsive pleading, here the answer, as expressly permitted by Civ.R. 12(B).

{¶46} The Staff Notes accompanying Civ.R. 12 support the notion that Civ.R. 12(G) does not apply to postanswer motions:

{¶47} "Rule 12(G) follows up the abolition of the special appearance in Rule

12(B) by actually compelling the defendant who makes a motion to include therein all defenses and objections then available to him which this rule permits to be raised by motion. This compulsion is accomplished by the provision that no waivable defense or objection which is omitted from a motion may thereafter be asserted in an answer. * * * Subdivision (G) of Rule 12 adds the further clause, 'or assert by any responsive pleading' as an additional warning that a defendant who omits a waivable defense from a motion may not thereafter assert the omitted defense in an answer." Staff Notes to Civ.R. 12(G) (1970).

{¶48} This discussion indicates that the repercussion of a failure to consolidate is only effected by preventing the use of the unconsolidated defense in the *answer*. It logically follows that once the defense is properly preserved in the answer, Civ.R. 12(G) ceases to be applicable. The *Gliozzo* opinion further supports the limitation of Civ.R. 12(G)'s applicability to preanswer motions, by stating, "The *only* way in which a party can voluntarily submit to a court's jurisdiction * * * is by failing to raise the defense of insufficiency of service of process in a responsive *pleading* or by filing certain motions *before* any pleading. Only when a party submits to jurisdiction in one of these manners will the submission constitute a waiver of the defense." (Citations omitted; emphasis added.) *Gliozzo,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at ¶ 13, citing *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 157-158, 11 OBR 471, 464 N.E.2d 538.

{¶49} Dr. Fought asserted the defenses of improper venue and insufficiency of service of process in his answer and amended answer, rather than a preanswer motion, as permitted by Civ.R. 12. He properly preserved these defenses as contemplated by

the rule and the holding in *Gliozzo*. I disagree with my colleagues that the circumstances in *Gliozzo* and *Cline* are not present in this case. They are. In all three cases, the defendant asserted the defense of insufficiency of service of process not in a preanswer motion but in the answer itself. This properly preserved the defense for further litigation in the proceedings, and Fought did not waive the defense through his postanswer Civ.R. 12(B) motion. Accordingly, I would affirm the decision of the trial court.