[Cite as *Haley v. Nomad Preservation, Inc.,*, 2013-Ohio-86.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STEPHEN T. HALEY | | C.A. No.      26341 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NOMAD PRESERVATION, INC., et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.      CV 2010-07-4748 |

DECISION AND JOURNAL ENTRY

Dated: January 16, 2013

---

BELFANCE, Judge.

{¶1}    Appellant Stephen Haley appeals from the order of the Summit County Court of Common Pleas which, inter alia, quashed the garnishment order and Mr. Haley's discovery requests.  For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}    Recitation of much of the procedural history of this matter is unnecessary for purposes of this appeal.  Following an entry of default judgment, on October 29, 2010, Mr. Haley was awarded $1,311,443.88, plus statutory interest of 4% from the date of judgment against Defendant Nomad Preservation, Inc. ("Nomad").  Subsequently, on November 15, 2010, Mr. Haley filed a motion for an order of garnishment of property other than personal earnings against Bank of American, N.A. – Corporate Accounts Payable.  That same day, an affidavit and order and notice of garnishment was filed pursuant to R.C. 2716.11 and 2716.13.  Mr. Haley averred that Bank of America, N.A. – Corporate Accounts Payable had money, property, or

credits, other than personal earnings of Nomad amounting to $960,467.74 in accounts payable and $127,324.79 in improper chargebacks. It is apparent that Mr. Haley believed that Bank of America and/or one its subsidiaries or parents owed Nomad money for preservation work Nomad performed on foreclosed properties pursuant to contracts. The order and notice of garnishment required that Bank of America, N.A. – Corporate Accounts Payable complete an answer within five business days after receipt. The record reflects that order and notice of garnishment was served on Bank of America by Federal Express on November 18, 2010. On December 2, 2010, Mr. Haley filed a motion seeking an order requiring Bank of America, N.A. to appear and show cause why it should not be held in contempt for failing to answer. On December 7, 2010, an entity identified as "Bank of America" filed an answer on the form answer contained in the notice of garnishment. The form was completed and signed by "Carol West-Lead Ops Rep" wherein "Bank of America" is identified as the garnishee. In the answer, Bank of America denied that it had any money, property, or credits exceeding $400 other than personal earnings of Nomad. On December 8, 2010, the trial court issued an order requiring Bank of America to appear and show cause on January 12, 2011, pursuant to R.C. 2716.21(E) and explain why it should not be held in contempt for failure to comply with the order and notice of garnishment. In addition, Mr. Haley filed a motion to compel the production of documents from Bank of America. Thereafter, Bank of America, N.A. filed a motion to quash the subpoena duces tecum and dismiss the garnishment.

{¶3} In January 2011, Mr. Haley and Bank of America, N.A. agreed to withdraw their mutual motions. However, in December 2011, Mr. Haley re-filed his motions to compel and show cause against Bank of America, N.A. Likewise, Bank of America, N.A. again requested that the trial court dismiss the garnishment and quash the subpoena and discovery requests.

Briefing on the issues followed, although no hearing was held. Ultimately, the trial court quashed the garnishment order, concluding that the proceeds Mr. Haley sought were not subject to the order of garnishment and that Mr. Haley improperly served Bank of America, N.A. The trial court also granted Bank of America, N.A.'s motion to quash Mr. Haley's discovery requests. Mr. Haley has appealed from this order, raising three assignments of error for our review, which will be addressed out of sequence to facilitate our review.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERR[ED] AS A MATTER OF LAW BY QUASHING THE GARNISHMENT ORDER HOLDING THAT APPELLANT JUDGMENT-CREDITOR CAUSED THE GARNISHMENT ORDER TO BE SERVED IMPROPERLY UPON GARNISHEE BANK OF AMERICA N.A.

{¶4} Mr. Haley asserts in his second assignment of error that the trial court erred in quashing the garnishment because Bank of America, N.A. was properly served. We do not agree.

{¶5} In the trial court, Bank of America, N.A. contested the service of the notice and order of garnishment because it asserted that the address was not the address used by Bank of America, N.A. but was instead used by BAC Home Loans Servicing, LP, an entirely different legal entity. Bank of America, N.A. did not support its assertion with an affidavit, nor was there a hearing on this issue. Mr. Haley seemed to assert in the trial court that he was serving both Bank of America, N.A. and Bank of America Corporation because the notice and order of garnishment specified "Bank of America, N.A. - Corporate Accounts Payable" and, according to Mr. Haley, "Corporate Accounts Payable" is a department of Bank of America Corporation. We are uncertain from the record whether Mr. Haley's assertion is accurate.

{¶6}  Nonetheless, because service was attempted via Federal Express, we conclude it was not proper, irrespective of what entity Mr. Haley was attempting to serve.

{¶7}  "A judgment creditor may collect the amount of the judgment owed from the personal property of the debtor other than earnings through a proceeding commenced by the filing of an affidavit as provided by R.C. 2716.11.  A written notice of garnishment is then delivered to the garnishee pursuant to R.C. 2716.13(B)."  *Goralsky v. Taylor,* 59 Ohio St.3d 197, 197 (1991).  R.C. 2716.13(B) states, in part, that,

> [u]pon the scheduling of a hearing relative to a proceeding in garnishment of property, other than personal earnings, under division (A) of this section, the clerk of the court immediately shall issue to the garnishee three copies of the order of garnishment of property, other than personal earnings, and of a written notice that the garnishee answer as provided in section 2716.21 of the Revised Code and the garnishee's fee required by section 2716.12 of the Revised Code.  *The copies of the order and of the notice shall be served upon the garnishee in the same manner as a summons is served and the clerk shall also mail a copy of the order and notice of garnishment to the garnishee by ordinary or regular mail service.*  The copies of the order and of the notice shall not be served later than seven days prior to the date on which the hearing is scheduled.  The order shall bind the property in excess of four hundred dollars, other than personal earnings, of the judgment debtor in the possession of the garnishee at the time of service.

(Emphasis added.)

{¶8}  In the instant matter, Mr. Haley sought to serve the notice and order of garnishment upon Bank of America, N.A. – Corporate Accounts Payable at an address in Simi Valley, California via Federal Express.  Thus, Mr. Haley was attempting to serve an out-of-state entity.  Civ.R. 4.3(A) indicates that "[s]ervice of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state."  Former Civ.R. 4.3(B)(1) stated that

> [e]videnced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules.  The clerk

shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

{¶9} At the time the notice and order of garnishment was served via Federal Express in 2010, Civ.R. 4.3(B) did not provide for service via Federal Express. *See J. Bowers Constr. Co., Inc. v. Vinez*, 9th Dist. No. 25948, 2012-Ohio-1171, ¶ 15-17. Thus, proper service of the notice and order of garnishment was not completed with respect to the garnishee Bank of America, N.A. – Corporate Accounts Payable. In light of the foregoing, we conclude that the trial court did not err in quashing the garnishment based upon lack of service. *See Duryee v. Rogers,* 8th Dist. No. 78242, 2001 WL 1382772, *2 (Nov. 8, 2001) (concluding that the trial did not err in failing to dismiss or strike the garnishment when there was a "rebuttable presumption of service, the appellant[] fail[ed] to raise this issue in its subsequent motions, and [the appellant failed] to produce evidence to the contrary)[]." Mr. Haley's assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERR[ED] AS A MATTER OF LAW BY QUASHING THE GARNISHMENT ORDER HOLDING THAT APPELLANT JUDGMENT-CREDITOR IMPROPERLY SEEKS PROPERTY THAT IS NOT SUBJECT TO THE NOTICE AND ORDER FOR GARNISHMENT OF PROPERTY OTHER THAN PERSONAL EARNINGS MADE PURSUANT TO [R.C. ]2716.11 ET SEQ.

{¶10} Mr. Haley asserts in his first assignment of error that that the trial court erroneously concluded that the property at issue was not subject to the notice and order of garnishment. Given that the trial court also determined that service was improper and that the notice and order of garnishment was properly quashed on this basis, and given that we have

affirmed that portion of the order, it was premature for the trial court to assess the merits of the garnishment of the subject property. To the extent it did so, its order is reversed.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT JUDGMENT-CREDITOR ANY AND ALL DISCOVERY MADE PURSUANT TO OHIO CIV.R. 69 IN ORDER TO DETERMINE THE AMOUNTS OWED BY GARNISHEE BANK OF AMERICA[,] N.A. TO JUDGMENT DEBTOR, NOMAD PRESERVATION, INC[.] WHICH WOULD SATISFY THE JUDGMENT AGAINST NOMAD PRESERVATION, INC.[] HELD BY APPELLANT JUDGMENT-CREDITOR.

{¶11} Mr. Haley's third assignment of error is somewhat difficult to follow. While it is broadly written, his argument seems to focus on the trial court's denial of his motion to compel the production of certain documents from Bank of America, N.A.

{¶12} "Initially, we note that courts have broad discretion over discovery matters." (Internal quotations and citation omitted.) *P.N. Gilcrest Ltd. Partnership v. Doylestown Family Practice, Inc.*, 9th Dist. No. 10CA0035, 2011-Ohio-2990, ¶ 16. In support of its original motion to quash, relied upon by Bank of America, N.A. in its re-filed motion, Bank of America, N.A. argued that Mr. Haley failed to comply with the procedure necessary to subpoena documents from an out-of-state entity. The trial court applied Civ.R. 45(C)(3)(d) in denying Mr. Haley's motion and granting Bank of America, N.A.'s motion to quash. Civ.R. 45(C)(3)(d) provides that, "[o]n timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena * * * [s]ubjects a person to undue burden." In applying this standard, the trial court concluded that Mr. Haley's "need for said discovery [wa]s clearly outweighed by the burden imposed upon Bank of America to answer discovery relating to property that is not subject to the Order of Garnishment." It is apparent that the trial court reached its conclusion based upon its

determination that the property at issue was not subject to the notice and order of garnishment. In light of our determination that its finding was premature, we reverse and remand for the trial court to consider the matter in the first instance.

### III.

{¶13} In light of the foregoing, the portions of the order of the Summit County Court of Common Pleas quashing the notice and order of garnishment are affirmed. To the extent the trial court addressed the merits of the garnishment proceedings or Mr. Haley's entitlement to discovery, its decision is reversed.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

———————————————————

EVE V. BELFANCE
FOR THE COURT


MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

STEPHEN T. HALEY, pro se, Appellant.

BROOKE TURNER BAUTISTA and JAMES S. WERTHEIM, Attorneys at Law, for Appellees.