[Cite as *Hubiak v. Ohio Family Practice Ctr.*, 2014-Ohio-3116.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

EVA ANN HUBIAK, ET AL.

    Plaintiffs-Appellants

    and

OHIO FAMILY PRACTICE
CENTER, INC., ET AL.

    Defendants-Appellees

C.A. No.     26949

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011-10-6095

DECISION AND JOURNAL ENTRY

Dated: July 16, 2014

CELEBREZZE, Presiding Judge.

{¶1} Appellants, Eva Ann Hubiak, Milissa Wikman, and Stephen P. Carter, appeal from the trial court's dismissal of their medical malpractice suit. The trial court determined that appellants had failed to properly serve the defendants and dismissed the suit with prejudice. After a thorough review of the record and law, we reverse.

## I. Factual and Procedural History

{¶2} On October 27, 2011, appellants filed their medical malpractice complaint against Ohio Family Practice Center, Inc. ("Ohio Family"); physician's assistant Amy C. Newman; Dr. Richard James Dom Dera; Dr. Kelli Sabin; Summit Ophthalmology, Inc. ("Summit"); Dr. Charles Peter; Akron Radiology, Inc. ("Akron Radiology"); Dr. Jeffrey S. Unger; and several John Doe health care providers. The complaint alleged that these defendants negligently rendered services to Hubiak from August 24, 2010 through October 29, 2010, which caused injury to her and a loss of parental consortium to her and her two children, Wikman and Carter.

{¶3} Upon filing their complaint with the Summit County Clerk of Courts, the attorney representing appellants completed a form requesting service of the complaint via Federal Express. Service via Federal Express was completed on each named party within one month. Each named defendant filed an answer and various pleadings, pretrials were conducted, the process of discovery commenced, and depositions were conducted. After a few continuances, a trial date of December 2, 2013, was set.

{¶4} On January 16, 2013, Ohio Family, Newman, Dr. Dom Dera, and Dr. Sabin (the "Ohio Family defendants") filed a motion for judgment on the pleadings based on a lack of proper service. The motion set forth that the common pleas court issued a standing order making employees of Federal Express process servers for the court. However, the Ohio Rules of Civil Procedure did not, at the time the complaint was served, provide for initial service of a complaint other than by certified or express mail.[1] Akron Radiology and Dr. Unger (the "Akron Radiology defendants") filed a similar combined motion to dismiss and for judgment on the pleadings the following day. On January 24, 2013, appellants filed their opposition, arguing that service by Federal Express provided actual notice and fulfilled the spirit of the rule, and that the rule was amended effective July 1, 2012, to provide for service via Federal Express. On April 26, 2013, Summit and Dr. Peter (the "Summit defendants") filed a motion for summary judgment making the same argument regarding lack of proper service.

{¶5} On May 6, 2013, the trial court granted the motions to terminate the case filed by each group of defendants. Appellants then timely appealed from this decision assigning four errors:

---

[1] The rules have since been amended, effective July 1, 2012, to allow service by commercial carriers such as Federal Express.

I.    The trial court erred in dismissing Plaintiffs/Appellants' cause of action when Plaintiffs/Appellants were relying on Miscellaneous Order No. 325.

II.    The trial court erred in holding that Defendants/Appellees had not been served pursuant to the Ohio Rules of Civil Procedure.

III.    The trial court's decision to dismiss Plaintiffs/Appellants' cause of action was contrary to law.

IV.    The trial court's decision to dismiss the case with prejudice is unconstitutional in that it violates Section 16, Article I, of the Ohio Constitution.

## II.    Law and Analysis

### A.    Standard of Review

{¶6} Appellants' first three assignments of error all take issue with the trial court's decision to terminate appellants' case based on a lack of proper service.    The trial court granted motions to dismiss filed by the Akron Radiology and Ohio Family defendants.    The court also granted summary judgment in favor of the Summit defendants.

{¶7} The grant of a motion to dismiss under Civ.R. 12(B) or 12(C) motions for judgment on the pleadings are reviewed by this court de novo.    *Cashland Fin. Servs., Inc. v. Hoyt*, 9th Dist. Lorain No. 12CA010232, 2013-Ohio-3663.    A motion for judgment on the pleadings is confined to the allegations raised in the complaint. *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163, 644 N.E.2d 731 (9th Dist.1994).    It is not the proper vehicle to raise the issues argued by the parties in this case because they rely on evidence outside of the pleadings, including service records from the clerk of courts and a document filed by appellants with the clerk directing service via Federal Express.    A Civ.R. 12(B)(2) motion to dismiss for lack of jurisdiction allows for a broader consideration of the record in rendering a decision including "other documentary evidence such as affidavits and answers to interrogatories."    *Free v. Govt.*

*Emps. Ins.*, 12th Dist. Butler No. CA89-09-135, 1990 Ohio App. LEXIS 1670, *4 (Apr. 30, 1990), citing *Price v. Wheeling Dollar Savs. & Trust Co.*, 9 Ohio App.3d 315, 460 N.E.2d 264 (12th Dist.1983).

{¶8} "Regardless of whether the motion is one under Civ.R. 12(B)(2) or 12(C), the material allegations of the complaint, with all reasonable inferences to be drawn therefrom, are to be construed in favor of the [nonmoving] party * * *." *Id.*, citing *Fischer v. Morales*, 38 Ohio App.3d 110, 526 N.E.2d 1098 (10th Dist.1987); *Giachetti v. Holmes*, 14 Ohio App.3d 306, 471 N.E.2d 165 (8th Dist.1984).

{¶9} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 268, 617 N.E.2d 1068 (1993); Civ.R. 56(C).

### B. Service via Federal Express

{¶10} The Ohio Rules of Civil Procedure set forth the appropriate methods of service that must be used in order to obtain proper service on a party. *See* Civ.R. 4.1 et seq. The rules are designed to ensure, as much as possible, that parties receive adequate notice. Former Civ.R. 4.1(A) provided, "service of any process shall be by certified or express mail unless otherwise permitted by these rules." At the time appellants served their complaint, the rules did not

provide for initial service of a complaint via commercial carrier. In several decisions, this court made clear that service via Federal Express did not comport with service rules prior to July 1, 2012. *Haley v. Nomad Preservation, Inc*., 9th Dist. Summit No. 26341, 2013-Ohio-86 ("At the time the notice and order of garnishment was served via Federal Express in 2010, Civ.R. 4.3(B) did not provide for service via Federal Express"); *Emerson Family Ltd. Partnership v. Emerson Tool, L.L.C.*, 9th Dist. Summit No. 26200, 2012-Ohio-5647, ¶ 32; *Philco Realty, Ltd. v. Wells Fargo Bank*, 9th Dist. Summit No. 26289, 2012-Ohio-5400; *J. Bowers Constr. Co. v. Vinez*, 9th Dist. Summit No. 25948, 2012-Ohio-1171. There are no conflicts in these cases.

> [Former] Civ.R. 4.1(A) explicitly provided that "service of any process shall be by United States certified or express mail unless otherwise permitted by these rules." The term "express mail," as used in Civ.R. 4.1(A) both then and now, refers only to express mail service via the United States Postal Service, not a commercial carrier. Prior to the July 1, 2012, effective date of amendments to Civ.R. 4.1 and 4.6, service of the complaint via a commercial carrier did not comply with the civil rules. Former Civ.R. 4.6(C) and (D) and 4.1.

*Emerson Tool* at ¶ 32.

{¶11} The manner in which appellants' complaint was served did not comply with Ohio's former civil rules. It is no matter that there existed a standing order of the court designating employees of Federal Express as process servers. That designation only comes into play under Civ.R. 4.6 after a failure of service that comports with Civ.R. 4.1(A). Therefore, at the time service was attempted, it was not completed according to the dictates of Civ.R. 4.1.

### C. Wavier of Proper Service

{¶12} The above holding does not end the inquiry in this case. Service may be waived, and the court will have jurisdiction over a party who voluntarily submits thereto where lack of service is not properly preserved. Waiver occurs "'(1) if a motion is made raising other Civ.R.

12(B) defenses and it is not included in that motion and (2) if there is no such motion, if it is not raised by separate motion or included in the responsive pleading." *Shah v. Simpson*, 10th Dist. Franklin No. 13AP-24, 2014-Ohio-675, ¶ 15, quoting *Stewart v. Forum Health*, 190 Ohio App.3d 484, 2010-Ohio-4855, 942 N.E.2d 1117, ¶ 36 (7th Dist.), citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 9.

{¶13} Civ.R. 12 explains that certain defenses may be waived. Civ.R. 12(H)(1) provides:

> A defense of lack of jurisdiction over the person, * * * insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (G), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

{¶14} The Ohio Supreme Court has recently explained the confines of waiver of service and the means to properly preserve the defense. The court held, "[w]hen the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." *Gliozzo* at the syllabus, citing *First Bank of Marietta v. Cline*, 12 Ohio St.3d 317, 466 N.E.2d 567 (1984). It is necessary to raise the defense of insufficiency of service of process in a responsive pleading or in certain motions before a responsive pleading. *Gliozzo* at ¶ 13, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156-157, 464 N.E.2d 538 (1984). If the party does neither, then participation in the proceedings leads to waiver of proper service and the existence of personal jurisdiction over the party.

{¶15} In the present case, no defendant filed a motion to dismiss for lack of proper service before filing an answer. Therefore, we look to each party's answer to determine whether the defense was raised therein.

{¶16} The Ohio Family defendants filed a joint answer where they raised several defenses, including that "[p]laintiffs have failed to obtain appropriate jurisdiction due to lack of service, inadequacy of service and failure of appropriate service."

{¶17} The Akron Radiology defendants filed a joint answer that asserted as a defense that "the Complaint was not served upon them in accordance with the Ohio Rules of Civil Procedure."

{¶18} Finally, the Summit defendants filed a joint answer that did not raise lack of service as a defense. The closest defense raised states, "[t]his Court lacks jurisdiction of the within action by virtue of the Plaintiffs' failure to comply with the pleading requirements as required by the Ohio Revised Code."

{¶19} The answer of the Ohio Family and Akron Radiology defendants affirmatively raised lack of service as a defense. According to the holding in *Gliozzo*, this preserved the defense, which was later raised in the motions to dismiss of these defendants.

{¶20} However, Summit's answer does not properly preserve the defense. The general statement quoted above does not address the lack of service or improper service at issue in this case. It also alleges a lack of jurisdiction based on the failure to comply with governing provisions of the Ohio Revised Code, not the Ohio Rules of Civil Procedure. Therefore, Summit and Dr. Peter waived the defense of proper service when they failed to timely raise the

issue in a pre-answer motion or by raising the defense in their answer, and by appearing and participating wholly in the proceedings.

### D.    Subsequent Amendment During the Pendency of the Case

**{¶21}** Appellants ask this court to hold that the amendment of Civ.R. 4 et seq. during the pendency of this case means that service, which was not proper at the time it was tried, later became effective after Civ.R. 4.1 was amended to allow for service via commercial carrier.

**{¶22}** Civ.R. 86(II) specifically governs the applicability of these changes in the rules to pending cases.    It provides:

> The amendments to    Civil Rules 4.1, 4.2, 4.3, 4.4, 4.5, 4.6, * * * shall take effect on July 1, 2012.   They govern all proceedings in actions brought after they take effect and also *all further proceedings in actions then pending*, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies.

(Emphasis added.)    *Id.*

**{¶23}** In the present case, the record indicates that all parties were served in November 2011 via Federal Express, evidenced by signed receipts.   The modifications to Civ.R. 4.1, which now allow commercial carrier service, became effective on July 1, 2012.   Civ.R. 4.1(B) provides, "As an alternative to service under Civ.R. 4.1(A)(1)(a), the clerk may make service of any process by a commercial carrier service utilizing any form of delivery requiring a signed receipt."

**{¶24}** The Ohio Family defendants moved for judgment on the pleadings on January 16, 2013.   The Akron Radiology defendants moved for judgment on the pleadings and to dismiss on January 17, 2013.   By the time these motions were filed, the amendments had taken effect.

This court must determine if the trial court erred when it failed to apply the amended rule to the action.

{¶25} The defendants argue that the action was not pending, relying on *Mason v. Waters*, 6 Ohio St.2d 212, 217 N.E.2d 213 (1966), and *Laneve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25.

{¶26} In *Mason*, the Ohio Supreme Court held that where proper service did not take place within the appropriate time, the action was deemed not to have commenced and there was no pending case. *Id.* at 215-216. Based on this precedent, if service was not perfected within the one-year time frame of Civ.R. 3(A), then the action cannot be deemed commenced and was never pending.

{¶27} The Ohio Supreme Court addressed Civ.R. 15 in *LaNeve* and held that failure to adhere to the requirements specified within the civil rules regarding service affected the jurisdiction of the trial court. The court stated, "the Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements." *Id.* at ¶ 23.

{¶28} These cases do not deal with amendment of the civil rules and their application to a case. For instance, in *Pullar v. Upjohn Health Care Servs.*, 21 Ohio App.3d 288, 488 N.E.2d 486 (8th Dist.1984), the Eighth District applied amended civil rules to review a decision of the trial court in an age discrimination action. The defendant in that case filed for summary judgment raising issues of res judicata and estoppel that were not raised in its answer. After the motion for summary judgment was filed, Civ.R. 12 was amended to clarify which defenses were

subject to waiver.[2]    The trial court granted summary judgment after the amendment took effect. The Eighth District ruled that the amendment applied to the then-pending proceedings. *Pullar* at 294, fn.1, citing Civ.R. 86(I).    This situation is more analogous to the present case than those cited by the defendants.

{¶29} If we apply the amendments, what was previously improper service on July 1, 2012, became proper, and the action was commenced and pending on that date because it was within the statute of limitations and the one-year period for perfecting service.    Even if that were not the case, defendants are incorrect that there was no pending case because service was not completed within one year.    As explained above and more thoroughly in Section E of this opinion, there was a pending action because at least one group of defendants waived proper service, making the action "commenced" on the date of waiver, and therefore, pending.    Also, the application of the amended rules to the present case would be in keeping with the long-standing tradition to, as much as possible, decide cases on their merits.    *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 577, 589 N.E.2d 1306 (1992).

---

[2] The rules governing waiver of affirmative defenses were amended to clarify that certain pleading defenses are waived while other motion defenses are not waived.    *See* Civ.R. 12(H).

{¶30} Civ.R. 86(II) directs courts to apply the amended rules to "all further proceedings in actions then pending" except where it would not be feasible or work an injustice. No injustice is found after an examination of the record for the application of the amended rules to the present case.

{¶31} All defendants received service in compliance with the updated rule within a month of filing the complaint, as evidenced by signed receipts. All defendants actively participated in the proceedings, attending pretrials and depositions, and filing documents as part of discovery. Defendants also do not assert any specific compelling injustice that would result in this case from application of the updated rule.

{¶32} The effect of applying the amended rules to this case is that the trial court lacked jurisdiction over the Akron Radiology and Ohio Family defendants on June 30, 2012, and then it had jurisdiction over those parties on July 1, 2012. The application of the amended rule does not work an injustice in this case because actual service was received by these defendants in a method in compliance with the amended rules, and the parties were actively involved in the litigation. No prejudice results other than relieving the defendants of a defense whose application to the present case is unjustified. Therefore, Civ.R. 86(II) dictates that the amended rule should apply.

### E. Service Within One Year

{¶33} The Summit defendants relied on a different rule of civil procedure in support of their motion for summary judgment. Summit argued that because service was imperfect, appellants did not obtain service within one year of the filing of their complaint, in compliance with Civ.R. 3.

**{¶34}** "Civ.R. 3(A) provides that an action is not deemed to be 'commenced' unless service of process is obtained within one year from the date of the filing of the action." *Bentley v. Miller*, 9th Dist. Summit No. 25039, 2010-Ohio-2735, ¶ 10, citing *Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006-Ohio-1312, ¶ 19.

> [T]he Supreme Court stated that an action may be dismissed when service of process has not been obtained after the passage of more than one year. However, even without service of process, a defendant may commit acts that constitute waiver of the defense of lack of personal jurisdiction.

*Sheets v. Sasfy*, 10th Dist. Franklin No. 98AP-539, 1999 Ohio App. LEXIS 202, *2, (Jan. 26, 1999), citing *Maryhew,* 11 Ohio St.3d 154, 157, 464 N.E.2d 538.

**{¶35}** The trial court granted Summit's motion for summary judgment because it found appellants had not obtained service within one year of filing the complaint. The court reasoned that this failure to comply with Civ.R. 3(A) subjected appellants' complaint to dismissal and rendered the claim against the Summit defendants barred because the one-year statute of limitations period for medical malpractice had run and Ohio's savings statute, R.C. 2305.19, was not applicable. That decision must be reversed because Summit and Dr. Peter waived proper service, and there is no dispute in the record that these defendants were served in November 2011.

**{¶36}** The date of commencement of an action for Civ.R. 3(A) purposes is the date of filing so long as service is obtained within one year. Where a waiver of service occurs, the date of service is the date of said waiver.[3] The date that service is affirmatively or impliedly waived constitutes the date of service. This holding is derived from the principle that "a defendant may

---

[3] This must be distinguished from cases where there is no waiver and participation. *See Maryhew*, 11 Ohio St.3d 154, 157, 464 N.E.2d 538 (1984); *Emerson Tool, L.L.C.*, 9th Dist. Summit No. 26200, 2012-Ohio-5647.

effectively or inferentially waive service of process by failing to assert his claim of lack of personal jurisdiction over him in the form and manner required of him by Civ. R. 12(H)(1)." *Carlisle v. Benner*, 5th Dist. Stark No. CA-6605, 1985 Ohio App. LEXIS 8262 (June 24, 1985).

{¶37} In the present case, Summit and Dr. Peter were served on November 11, 2011. Their combined answer, filed November 18, 2011, fails to raise the defense of improper service. Summit's motion for judgment on the pleadings, filed December 7, 2011, also fails to raise the issue of improper service. Therefore, service was completed for Civ.R. 3(A) purposes when proper service was waived on November 18, 2011. This is well within the one-year period set forth in Civ.R. 3(A). Service could also be deemed perfected, as explained above, when Civ.R. 4.1 was amended effective July 1, 2012. This was also within Civ.R. 3(A)'s one-year limit.

{¶38} Summit supports its argument that the action was never commenced according to Civ.R. 3 with citations to cases where a waiver of service did not occur. *See, e.g., Bentley*, 9th Dist. Summit No. 25039, 2010-Ohio-2735, ¶ 10. This case and similar ones are inapposite where the lack of adequate service is waived.

{¶39} In *Bentley*, the defendant was never served, never appeared, and the plaintiff obtained a default judgment. That case is clearly distinguishable where Summit voluntarily submitted to the court's jurisdiction on November 18, 2011. This is also distinguishable from other cases where a waiver of the defense occurred outside of one year from the date of filing. *See Gaul v. Crow*, 8th Dist. Cuyahoga Nos. 74600, 74608, 74609, 74610, 74611, and 74612, 1999 Ohio App. LEXIS 4088 (Sep. 2, 1999). This is equivalent to obtaining proper service outside of the one-year period.

**{¶40}** Therefore, the trial court erred in granting Summit's motion for summary judgment.

### F. Constitutionality of Civ.R. 4(A)

**{¶41}** Appellants argue that sustaining the trial court's decision dismissing its case is a violation of constitutional rights. Specifically, appellants argue that Section 5(B), Article IV, of the Ohio Constitution prohibited the county courts from adopting rules that were inconsistent with rules promulgated by the Ohio Supreme Court. Having sustained appellants' first three assignments of error, this argument is moot.

### III. Conclusion

**{¶42}** The amendment of Civ.R. 4.1, which became effective during this case, rendered what was previously improper service effective to bestow jurisdiction on the trial court over defendants. The trial court erred in dismissing appellants' claims against the Akron Radiology and Ohio Health defendants for this reason. This also means that service was perfected within one year of filing, rendering the trial court's grant of summary judgment in favor of the Summit defendants in error.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

16

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the court of appeals at which time the period for review shall begin to run. App.R. 22(C). The clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxes to Appellees.

_____

PRESIDING JUDGE FRANK D. CELEBREZZE, JR.
Eighth Appellate District,
Sitting by Assignment.

JOSEPH J. VUKOVICH, J.,
Seventh Appellate District,
Sitting by Assignment,

GENE DONOFRIO, J.,
Seventh Appellate District,
Sitting by Assignment,
concur.

APPEARANCES:

PAUL G. PERANTINIDES, Attorney at Law, for Appellants.

ANTONIOS P. TSAROUHAS, Attorney at Law, for Appellants.

STACY R. DELGROS, Attorney at Law, for Appellees.

DAVID M. BEST, Attorney at Law, for Appellees.

MARC W. GROEDEL, Attorney at Law, for Appellees.